UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION <br><br> -------------------------------------------- <br><br> This Document Relates to: <br> *Ronald L. Ray, Jr., as Executor of the Estate of Stephen L. Hill, Deceased v. DePuy Orthopaedics Inc., et al.*, Case No. 1:12-dp-23759 | MDL Docket No. 1:10-md-2197 <br><br> Honorable Jeffrey J. Helmick <br><br> **Order** |

On October 18, 2021, Defendants filed a motion to dismiss this case pursuant to Rule 41, asserting Plaintiff Ronald L. Ray has failed to comply with his discovery obligations pursuant to Case Management Orders 5 and 9. (Doc. No. 6). Plaintiff filed a brief in opposition, arguing Plaintiff's counsel provided some documents prior to Mr. Hill's death and has submitted some documents following Mr. Hill's death along with requests to mediate the case with Mr. Ray, the Executor of Mr. Hill's estate. (Doc. No. 7). Defendants filed a brief in reply, arguing Plaintiff has provided only "partial, incomplete, and outdated information" which does not satisfy his discovery obligations. (Doc. No. 8).

Rule 41(b) permits a court to dismiss an action or a claim if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b). In contemplating this course, the court must consider its "need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to

actively pursue its claims" while also keeping in mind "the policy which favors disposition of cases on their merits." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

Defendants contend dismissal with prejudice is appropriate in part because Plaintiff has had multiple warnings that failure to comply with CMOs 5 and 9 would lead to dismissal. (Doc. No. 6 at 4). But these apparent warnings have come from Defendants, not this Court. (*See id.* ("Plaintiff was notified three times, in September 2018, May 2021, and July 2021, that failure to produce discovery would result in Court intervention, putting plaintiff on notice that his complete failure to make discovery would result in motion practice and corresponding action by the Court.")).

As Defendants concede, it is the district court's duty to notify a party that continued noncompliance with a court order would result in dismissal. (*See id.* (observing the Sixth Circuit "'has repeatedly reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal.'" (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005)))). Defendants have not previously notified me of their position regarding Plaintiff's compliance with discovery obligations. Accordingly, I have not previously given Plaintiff notice that this case faces dismissal.

Therefore, I deny Defendants' motion to dismiss. (Doc. No. 6). Plaintiff hereby is ordered to comply with his obligations under CMOs 5 and 9, including bringing any previous discovery up to date, no later than March 15, 2022. Failure to comply with CMOs 5 and 9 or the terms of this Order will result in the dismissal of this case with prejudice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge